UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON NUNNERY, Prince of France,

        Plaintiff,

v.                                                  CASE NO.: 05-CV-72732-DT
                                                   HON. PATRICK J. DUGGAN

FEDERAL COMMUNICATION
AND AVIATION BOARDS,
UNITED STATES OF AMERICA,
PRESIDENT BUSH,
PRESIDENT JACQUES CHIRAC,
QUEEN ELIZABETH, II,
KENNEDY SPACE CENTER CHAIR (STARDOG),
NASA SPACE CENTER CHAIR,
(JODI) (QUEENS CHAIR), and
FRANCE SPACE CENTER CHAIR (RUBY PRES),

        Defendants.
_____/

## ORDER OF DISMISSAL AND JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on August 16, 2005.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

### I. Introduction

      Vernon Nunnery, who purports to be the Prince of France, has filed a *pro se* civil rights complaint for money damages. Plaintiff does not reside in a palace; instead, he is incarcerated at Standish Maximum Correctional Facility in Standish, Michigan. He is not a wealthy prince, for he has been granted leave to proceed without prepayment of the

filing fee and costs for this action.

It appears to the Court that Plaintiff has named the following individuals, governments, and agencies as defendants: the Federal Communications Commission; the Federal Aviation Administration; the United States of America; President George W. Bush; French President Jacques Chirac; Queen Elizabeth II of Great Britain; and the Chairpersons of the Kennedy Space Center, the National Aeronautics and Space Administration (NASA), and the British and French Space Centers.

## II. Discussion

28 U.S.C. § 1915 requires a court to dismiss a case in which the plaintiff proceeds in forma pauperis "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). The term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* at 325, 109 S.Ct. at 1832. Examples of meritless legal theories are claims in which it is clear that the

defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist. *Id*. at 327, 109 S. C. at 1833. Examples of baseless factual contentions are claims describing fantastic or delusional scenarios. *Id*. at 328, 109 S. Ct. at 1833.

Plaintiff's complaint is frivolous because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996 (1994). Plaintiff has not alleged, and the Court has no reason to believe, that the United States, the FCC, or the FAA waived immunity from suit. Moreover, to successfully establish a *prima facie* case, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)). The Court is not able to discern any violation of federal law in Plaintiff's rambling and lengthy complaint. The pleading is delusional,[1] and it lacks "a short and plain statement" of claims showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

---

[1] For example, Plaintiff alleges that he "was appointed by President Chirac of France [and] promised a [hereditary] post of authority as Prince Head of State of Nice France and $90,000,000.00 was exchanged and [he] did business with the Head of State and his wife first lady of Nice on Mirror Satel[l]ite for[] 10 days and [they] achieved good relations and good results." Compl. at 10.

3

## III.  Conclusion

Plaintiff's complaint lacks an arguable basis in law and in fact and, therefore, is frivolous.  The complaint also fails to state a claim for which relief may be granted, and it seeks money damages against some defendants who are immune from such relief.

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

_____
s/PATRICK J. DUGGAN
 UNITED STATES DISTRICT JUDGE

Copy  to:
Prince Vernon Nunnery, #158134
Standish Maximum Correctional Facility
4713 West M-61 Hwy.
Standish, MI 48658